UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
OPERATING ENGINEERS LOCAL 324 HEALTH CARE PLAN, the OPERATING ENGINEERS LOCAL 324 PENSION FUND, the OPERATING ENGINEERS LOCAL 324 RETIREE BENEFIT FUND, the OPERATING ENGINEERS LOCAL 324 VACATION FUND, the OPERATING ENGINEERS LOCAL 324 SUPPLEMENTAL VACATION FUND, the OPERATING ENGINEERS LOCAL 324 APPRENTICESHIP FUND, the OPERATING ENGINEERS LOCAL 324 INDUSTRY ADVANCEMENT FUND, the OPERATING ENGINEERS LOCAL 324 LABOR MANAGEMENT FUND, and the OPERATING ENGINEERS LOCAL 324 DEFINED CONTRIBUTION PENSION PLAN,

    Plaintiffs,

Case No.

v.

Hon.

C & E CONTRACTOR SERVICES, INC.,
a Michigan corporation, and ELIJAH WHITE, Individually,

    Defendants.
_____/

SACHS WALDMAN, PROFESSIONAL CORPORATION
GEORGE H. KRUSZEWSKI (P25857)
HOPE L. CALATI (P54426)
Attorneys for Plaintiffs
1423 E. Twelve Mile Rd.
Madison Heights, MI 48071
(248) 658-0800 telephone
(248) 658-0801 facsimile
_____/

**COMPLAINT**

1

PLAINTIFFS state the following:

1. Plaintiffs Trustees of the OPERATING ENGINEERS LOCAL 324 HEALTH CARE PLAN, Trustees of the OPERATING ENGINEERS LOCAL 324 PENSION FUND, Trustees of the OPERATING ENGINEERS LOCAL 324 RETIREE BENEFIT FUND, Trustees of the OPERATING ENGINEERS LOCAL 324 VACATION FUND, Trustees of the OPERATING ENGINEERS LOCAL 324 SUPPLEMENTAL VACATION FUND, Trustees of the OPERATING ENGINEERS LOCAL 324 APPRENTICESHIP FUND, Trustees of the OPERATING ENGINEERS LOCAL 324 INDUSTRY ADVANCEMENT FUND, Trustees of the OPERATING ENGINEERS LOCAL 324 LABOR MANAGEMENT FUND, and Trustees of the OPERATING ENGINEERS LOCAL 324 DEFINED CONTRIBUTION PENSION PLAN (collectively, "Funds"), are the Trustees of those Funds, respectively, which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and maintain their principal offices located in this judicial district.

2. Defendant C & E CONTRACTOR SERVICES, INC., ("SERVICES") is a Michigan corporation doing business in an industry affecting commerce within the meaning of 29 U.S.C. §142 and §185 and 29 U.S.C. § 1002(5) and (12). Its principal place of business is in the City of Lansing, County of Eaton, State of Michigan.

3. Defendant ELIJAH WHITE is an individual residing, upon information and belief, in the City of Eaton Rapids, County of Eaton, State of Michigan, and the principal owner and officer of SERVICES. The Individual Defendant is responsible, with others, for running the day-to-day operations of the company and responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in Sections 501(1) and (3) of LMRA, 29 U.S.C. §142(1) and (3), and within the meaning of Section 301(A) of LMRA, 29 U.S.C. §185(A), or the agents acting in the interest of such an employer as defined in Sections 501(3) of LMRA, 29 U.S.C. §142(3). The Individual Defendant is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) and is thus obligated to make

contributions to a multi-employer Plan within the meaning of Section 515 of ERISA, 29 U.S.C. §1145.

    5.    Insofar as Count I of this Complaint is concerned, jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and §1145, this being a suit for breach of the fringe benefit provisions of a collective bargaining agreements ("Agreements") entered into by the Local Union 324 of the International Union of Operating Engineers ("Operating Engineers Union"), an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §142 and §185 and 29 U.S.C. §1002(12), to which Defendant SERVICES, as an employer, is bound. With respect to Count II of this Complaint, jurisdiction of this Court is predicated on Sections 404(a)(1)(A) and 502(a)(2) and of ERISA, 29 U.S.C. §1104(a)(1)(A) and §1132(a)(2), this being a suit for breach of ERISA fiduciary duties arising from the breach of the fringe benefit provisions of the Agreements. With respect to Count III of this Complaint, if there is no federal jurisdiction, the supplemental jurisdiction of this Court (28 U.S.C. §1367) is invoked, the claims in Count III being so related to the claim in Counts I and II that the three counts form a part of the same case or controversy under Article III of the United States Constitution.

6. Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), the district in which the Funds are administered.

## COUNT I
### (SERVICES)
### Failure to Pay Fringe Benefit Contributions Pursuant to Collective Bargaining Agreements

7. Plaintiffs hereby re-allege and incorporate each and every allegation set forth in paragraphs 1 through 6 as if fully set forth herein.

8. Defendant SERVICES is bound by the Agreements, copies of which are in Defendants' possession.

9. Defendant SERVICES also is, and has been, bound by the terms of the applicable trust agreements establishing Plaintiffs incorporated by reference in the Agreements.

10. Under the terms of the Agreements, Defendant SERVICES was and is obligated to make contributions for fringe benefits (e.g., medical coverage for eligible participant employees and their families, pensions, vacation and holiday pay, and annuity benefits) for, or with respect to work performed by, those of its employees who were represented by the Operating Engineers Union, which

contributions should have been paid directly to the Funds.

11. Defendant SERVICES has failed to pay fringe contributions for certain work performed in the work months of January 2015, November 2015, April 2016 and May 2016.

12. Defendant SERVICES has failed to pay the amounts due to the Funds set forth above, has failed to submit contribution reports, and has failed to pay contributions in a timely manner.

13. The amount of the indebtedness of Defendant SERVICES for such fringe benefit contributions (including contractual late payment charges or liquidated damages) for work performed from January 2015 through March 2018 is $7,016.35 and, although Defendant SERVICES has been requested to satisfy such indebtedness, it has not paid any portion of that indebtedness.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant SERVICES containing the following provisions:

A. Adjudicating that Defendant SERVICES entered into (or adopted) collective bargaining agreements with the Operating Engineers Union and that, pursuant to such collective bargaining agreements and applicable law, Defendant SERVICES was obligated to make fringe benefit contributions to Plaintiffs for, or with respect to work performed by, those of its employees who were represented by the Operating Engineers Union;

B. Adjudicating that Defendant SERVICES is contractually obligated to Plaintiffs for the period from (at the latest) January 2015;

C. Ordering Defendant SERVICES to specifically perform all of the fringe benefit provisions of the collective bargaining agreements which it entered into with the Operating Engineers Union;

D. Awarding Plaintiffs $7,016.35, representing the estimated unpaid audited indebtedness based on work performed from January 2015 through March 2018, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to ERISA and Plaintiffs' plan documents; and

E. Granting Plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

**COUNT II**
(SERVICES and ELIJAH WHITE)
<u>Violation of ERISA</u>

14. Plaintiffs hereby re-allege and incorporate each and every allegation set forth in paragraphs 1 through 13 as if fully set forth herein.

15. Upon information and belief, Defendant ELIJAH WHITE is the

president and a shareholder of Defendant SERVICES, and had control over the operations of Defendant SERVICES, including receipt of payment on jobs and the subsequent payment to Plaintiffs.

16. Upon information and belief, Defendant ELIJAH WHITE received payment for the fringe benefit contributions accrued by the employees of Defendant SERVICES, on each and every job upon which Defendant SERVICES's employees supplied labor.

17. Upon information and belief, Defendant ELIJAH WHITE failed and refused to remit payment to Plaintiffs for fringe benefit contributions accrued by the employees of Defendant SERVICES after payments were received by Defendant SERVICES, and/or Defendant ELIJAH WHITE.

18. Upon information and belief, Defendant ELIJAH WHITE misappropriated and/or misused said funds for his own benefit or other purposes and not for the purpose of paying fringe benefit contributions accrued by the employees of Defendant SERVICES.

19. Defendant ELIJAH WHITE is a fiduciary of Plaintiffs within the meaning of ERISA, 29 U.S.C. §1002(21)(A), as a result of his exercise of discretionary authority or control over unpaid fringe benefit contributions that constitute assets of Plaintiffs.

20. Defendant ELIJAH WHITE breached his fiduciary duties to the

Funds under ERISA 29 U.S.C. §1104(a)(1)(A), by electing to use money within his authority or control for purposes other than paying required fringe benefit contributions to Plaintiffs.

21. Defendant SERVICES and Defendant ELIJAH WHITE have refused to make payment to Plaintiffs despite Plaintiffs' demand to do so.

22. As a result of his breach of his fiduciary duties, Defendant ELIJAH WHITE is individually responsible and liable for all sums received in payment for fringe benefit contributions accrued by employees of Defendant SERVICES, pursuant to ERISA, 29 U.S.C. §1109(a).

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants SERVICES and ELIJAH WHITE containing the following provisions:

A. Adjudicating that Defendant SERVICES is bound to pay contributions to Plaintiffs as alleged in this Complaint from (at the latest) January 2015;

B. Awarding Plaintiffs the amount of $7,016.35, representing the estimated unpaid audited indebtedness based on work performed from January 2015 through March 2018, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to ERISA and

9

Plaintiffs' plan documents;

C.   Entering judgment against Defendant ELIJAH WHITE, individually, for violations of ERISA, in the amount of $7,016.35, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to ERISA and Plaintiffs' plan documents; and

D.   Granting Plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

## COUNT III
### (SERVICES and ELIJAH WHITE)
### Violation of the Michigan Building Contract Fund Act

23.   Plaintiffs hereby re-allege and incorporate each and every allegation set forth in paragraphs 1 through 22 as if fully set forth herein.

24.   Upon information and belief, Defendant ELIJAH WHITE is the president and a shareholder of Defendant SERVICES, and had control over the operations of Defendant SERVICES, including receipt of payment on jobs and the subsequent payment to Plaintiffs.

25.   Upon information and belief, Defendant ELIJAH WHITE received payment for the fringe benefit contributions accrued by the employees of

Defendant SERVICES, on each and every job upon which Defendant SERVICES's employees supplied labor.

26. Pursuant to MCLA §§570.151, *et seq.*, the Michigan Building Contract Fund Act, a trust fund was created for Plaintiffs' benefit in connection with any money which Defendant SERVICES and/or Defendant ELIJAH WHITE received.

27. Upon information and belief, Defendant ELIJAH WHITE failed and refused to remit payment to Plaintiffs for fringe benefit contributions accrued by the employees of Defendant SERVICES after payments were received by Defendant SERVICES, and/or Defendant ELIJAH WHITE.

28. Upon information and belief, Defendant ELIJAH WHITE misappropriated and/or misused said funds for his own benefit or other purposes and not for the purpose of paying fringe benefit contributions accrued by the employees of Defendant SERVICES.

29. The retention of monies received by Defendant ELIJAH WHITE and Defendant ELIJAH WHITE's failure to remit the same to Plaintiffs are in violation of his fiduciary responsibilities imposed upon him pursuant to MCLA §§570.151, *et seq.*, and constitute a defalcation while acting in such fiduciary capacity.

30. Defendant SERVICES and Defendant ELIJAH WHITE have

refused to make payment to Plaintiffs despite Plaintiffs' demand to do so.

31. As a result of his breach of his fiduciary duties, Defendant ELIJAH WHITE is individually responsible and liable for all sums received in payment for fringe benefit contributions accrued by employees of Defendant SERVICES, pursuant to the Michigan Building Contract Fund Act, MCLA §§570.151, *et seq.*

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants SERVICES and ELIJAH WHITE containing the following provisions:

A. Adjudicating that Defendant SERVICES is bound to pay contributions to Plaintiffs as alleged in this Complaint from (at the latest) January 2015;

B. Awarding Plaintiffs the amount of $7,016.35, representing the estimated unpaid audited indebtedness based on work performed from January 2015 through March 2018, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to ERISA and Plaintiffs' plan documents; and

C. Entering judgment against ELIJAH WHITE, individually, for violations of the Michigan Building Contract Fund Act and ERISA, in the amount

of $7,016.35, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to ERISA and Plaintiffs' plan documents; and

    D. Granting Plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

SACHS WALDMAN,
PROFESSIONAL CORPORATION

By: Hope L. Calati
   HOPE L. CALATI (P54426)
   Attorneys for Plaintiffs
   1423 E. Twelve Mile Rd.
   Madison Heights, MI 48071
   (248) 658-0800

Dated: December 14, 2018  hcalati@sachswaldman.com